**FILED**
APR 23 2021
*Tracey M. Slagle*
YAKIMA COUNTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF YAKIMA

| | |
|---|---|
| MILES ERICK HAYES, and individual,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART INC, a foreign profit corporation,<br><br>Defendant. | NO. 21 2 00734 39<br><br>COMPLAINT FOR DAMAGES |

THE PLAINTIFF ALLEGES, by and through the attorneys of record, The Law Offices of Church & Page, PLLC, as follows:

### PARTIES

1.

Plaintiff is a resident of Yakima County, Washington.

2.

Defendant Walmart is a foreign profit corporation with its principal place of business in Benton County, Arkansas, and transacting business within Yakima County, Washington.

### JURISDICTION AND VENUE

3.

1    This Court has jurisdiction pursuant to Article 4 of the Washington State Constitution and RCW 2.08.010.

4.

Venue is proper pursuant to RCW 4.12.020(3) because this is an action for the recovery of damages for injuries case within Yakima County, Washington

## BACKGROUND AND FACTS

5.

On or about 2/15/2019, the Defendant Walmart maintained a distribution facility located in or around the City of Grandview and in Yakima County, Washington.

6.

Plaintiff was in the parking area of that location, where semi-trailers are placed.

7.

On the date in question, water and other fluids were on the parking surface and had frozen, making the surface icy and slippery.

8.

Walmart and its agents had not cleared the icy and slippery condition or put down any traction aiding material.

9.

Walmart and its agents did not provide warnings about the icy and slippery conditions.

10.

The Plaintiff, after exiting his vehicle, slipped and fell on the icy and slippery surface.

## CAUSE OF ACTION – NEGLIGENCE

11.

Defendant owed the Plaintiff a duty of care in ensuring its premises was safe and free from hazards.

12.

Defendant breached this duty and was negligent by failing to remove the icy slippery condition.

13.

Defendant breached this duty and was negligent by failing to put down traction aiding material.

14.

Defendant breached this duty and was negligent by failing to warn the Plaintiff of the hazardous conditions.

15.

Defendant knew or should have known about the dangerous conditions on its property.

16.

Defendant acted unreasonably and created a foreseeable risk to the Plaintiff.

## DAMAGES

17.

As a direct and proximate result of the Defendant's negligence, Plaintiff suffered personal injuries, the extent of which are not now entirely known, but will be proven at trial.

18.

As a direct and proximate result of Defendant's negligence, Plaintiff incurred economic losses, including but not limited to reasonable and necessary medical expenses, lost wages, and loss of economic opportunities.

19.

As a direct and proximate result of Defendant's negligence, Plaintiff suffered non-economic losses, including, but not limited to pain, suffering, inconvenience, mental anguish, disability, disfigurement, and emotional distress.

20.

As a direct and proximate result of the Defendant's negligence, Plaintiff may suffer future economic and non-economic losses.

21.

As a direct and proximate result of the Defendant's negligence, Plaintiff incurred other damages which will be proven at trial.

### PRAYER FOR RELIEF

Plaintiff prays for a judgment against the Defendant as follows:

1) For economic and non-economic damages which shall be proven at trial.

2) For statutory attorney's fees and costs; and

3) For all other relief the Court deems just and equitable.

DATED this 14th day of April, 2021.

CHURCH & PAGE, PLLC

KEVIN B. PAGE, WSBA #49585
DAVID M. CHURCH WSBA #36899
Attorneys for plaintiffs